David Davidson, Esq. SBN 215969
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. SBN 341732
ptorres@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone: (949) 942-8500
Facsimile: (949) 942-8510

Attorney for Defendant,
WALMART, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN DOUGLAS STOWERS, | CASE NO. |
| Plaintiff, | **DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ** |
| vs. | |
| WALMART, INC.; KEURIG DR PEPPER/THE AMERICAN BOTTLING COMPANY/SPLASH TRANSPORT, PEPSI COMPANY; PAULINA DOE; NORTH AMERICAN BEVERAGES (NAB) AND DOES 1 THROUGH 100, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant, WALMART, INC., ("Defendant"), a Delaware Corporation, hereby removes this action from Superior Court of the State of California, County of Fresno to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity.

1

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Plaintiff Nathan Douglas Stowers is a resident, citizen and domiciliary of the State of California.  Defendant Walmart, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas. Defendant Keurig Dr. Pepper is a Delaware corporation with its principal place of business in Massachusetts. Defendant Pepsi Company is a North Carolina corporation with its principal place of business in New York. Defendant North American Beverages (NAB) is a subsidiary of PepsiCo and is a New York corporation with its principal place of business in New York.

## INTRODUCTION

1.      On February 3, 2025, plaintiff Nathan Douglas Stowers ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California in and for the County of Fresno, entitled "*Nathan Douglas Stowers v. WALMART, INC.; KEURIG DR PEPPER/THE AMERICAN BOTTLING COMPANY/SPLASH TRANSPORT, PEPSI COMPANY; PAULINA DOE; NORTH AMERICAN BEVERAGES (NAB) AND DOES 1 THROUGH 100, inclusive*" as Case Number 25CECG00404.  Plaintiff alleges causes of action for negligence and premises liability arising out of an incident that is alleged to have occurred on February 13, 2023, in Fresno County, California.

2.      Plaintiff's Complaint was served on Defendant on March 12, 2025. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.      Plaintiff served its Demand Letter on March 17, 2025, for the sum of

2

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

$145,643.15 in special damages and $1,000,000.00 in general damages. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days of service of the pleading which makes this case become removeable.

4.    This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action.

## BASIS FOR REMOVAL

5.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

6.    At the time of filing his complaint, Plaintiff was a resident and citizen of the State of California, County of Fresno. (Torres Dec., ¶ 3.)

7.    Defendant Walmart is a citizen of Delaware where it is incorporated. and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). A true and correct copy of Walmart's corporate information from the California Secretary of State Business Search is attached as **Exhibit B**. A true and correct copy of Arkansas Secretary of Business/Commercial Services is attached as **Exhibit C.** (Id. at ¶ 5.)

8.    Plaintiff served its Demand Letter on March 17, 2025, for the sum of $145,643.15 in special damages and $1,000,000.00 in general damages. A true and correct copy of Plaintiff's Demand Letter is attached as **Exhibit E**. (Id. at ¶ 4-10.)

9.    The defendants identified as "Does 1 to 100" and "PAULINA DOE" in

3

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28
U.S.C. §§1332, 1441, 1446 (DIVERSITY)

Plaintiff's Complaint are merely fictitious parties who have not been identified.

10.    The inclusion of "Doe" defendants in the state court Complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  (See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); see also *Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

11.    In determining whether the parties are diverse under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." (See also, *Goldsmith v. CVS Pharmacy, Inc.*, CV 20-0750-AB (JCx), 2020 WL 1650760 (C.D. Cal. April 3, 2020); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)). The presumption remains that Congress said what it meant and meant when it said when it wrote 28 U.S.C. § 1441(b) to require that the citizenship of fictitious defendants be ignored when considering diversity jurisdiction. The Ninth Circuit was clear when it indicated the same. (See *Soliman*, 311 F.3d at 966.) The parties are accordingly completely diverse, and jurisdiction is proper.

12.    Plaintiff's Complaint does not specify the amount of damages sought by way of his action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.

13.    Plaintiff served its Demand Letter on March 17, 2025, claiming $145,643.15 in special damages and $1,000,000.00 in general damages (Id. at ¶ 2.)

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

O'HAGAN MEYER
ATTORNEYS ▲ ADVISORS

Therefore, the amount of damages exceeds $75,000.

14.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff has alleged $145,643.15 in special damages and $1,000,000.00 in general damages. (Torres Dec., ¶ 2-4.)

15.    Thus, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the Superior Court of California, County of Fresno to the United States District Court for the Eastern District of California is appropriate.

16.    The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the Superior Court of the State of California, County of Fresno, where this action was originally filed, is located within this federal judicial district. Also, both the place of Plaintiff's residence/domicile and the location of the accident at issue are located in the County of Fresno in the State of California. (Torres Dec., ¶ 3.)

17.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

18.    Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Fresno, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

19.    No previous application for the relief sought herein has been made to

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of Fresno to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: April 2, 2025                    O'HAGAN MEYER

By: _____
    David Davidson
    Pilar Torres
    Attorney for Defendant,
    WALMART INC.

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION    UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

## DECLARATION OF PILAR TORRES, ESQ.

I, Pilar Torres, declare as follows:

1.	I am an attorney duly authorized and licensed to practice before this Court. I am an attorney with the law firm of O'Hagan Meyer, counsel of record for defendant WALMART, INC., a Delaware Corporation ("Walmart") in the above-captioned matter.  The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief.  If called as a witness, I could and would testify competently to the matters declared herein.

2.	As a result of the subject incident, Plaintiff served its Demand Letter on March 17, 2025, claiming $145,643.15 in special damages and $1,000,000.00 in general damages.

3.	According to the Complaint prepared and submitted by Plaintiff, he resides in Fresno County, California. I am informed and believe he has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time he filed his Complaint. The subject accident allegedly occurred on May February 13, 2023, in Fresno County, California.

4.	Plaintiff's Complaint was served on Defendant on March 12, 2025. (See **Exhibit A**) Plaintiff served its Demand Letter on March 17, 2025. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of the pleading which made the case become removable.

5.	Defendant Walmart is a citizen of Delaware where it is incorporated. and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). A true and correct copy of Walmart's corporate information from the

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

California Secretary of State Business Search is attached as **Exhibit B**. A true and correct copy of Arkansas Secretary of Business/Commercial Services is attached as **Exhibit C.**

6.     Defendant Keurig Dr. Pepper is a citizen of Delaware where it is incorporated, and of Massachusetts, where it holds its principal place of business.

7.     Defendant PepsiCo is a citizen of North Carolina where it is incorporated, and of New York, where it holds its principal place of business.

8.     Defendant North American Beverages (NAB) is a subsidiary of PepsiCo and is a New York corporation with its principal place of business in New York.

9.     A true and correct copy of Defendant Walmart, Inc.'s Answer is attached hereto as **Exhibit D.**

10.     A true and correct copy of Plaintiff's Demand Letter is attached hereto as **Exhibit E.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on April 1, 2025.

_____
Pilar Torres, Declarant

2
**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION   UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART, INC.; KEURIG DR PEPPER/THE AMERICAN BOTTLING COMPANY/SPLASH
TRANSPORT; PEPSI COMPANY; PAULINA DOE; NORTH AMERICAN BEVERAGES (NAB)
AND DOES 1 THROUGH 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NATHAN DOUGLAS STOWERS

E-FILED
2/3/2025
Superior Court of California
County of Fresno
By: Shaina Cha, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* B.F. SISK COURTHOUSE<br><br>1130 O STREET, FRESNO, CA 93721 | CASE NUMBER:<br>*(Número del Caso):* **25CECG00404** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Setareh, Esq. [251448] Chanel Katiraie, Esq. [315825] 8484 Wilshire Blvd, Ste 870, BH, CA 90211 310-659-1826

| DATE: 2/3/2025<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _____ S. Cha | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel Setareh, Esq. [S.B. #251448] Chanel Katiraie, Esq. [S.B. #315825]<br>SETAREH LAW, APLC; 8484 Wilshire Blvd., Suite #870, Beverly Hills, CA 90211<br><br>TELEPHONE NO.: (310) 659-1826      FAX NO.: (310) 507-7909<br>EMAIL ADDRESS: daniel@setarehfirm.com, chanel@setarehfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff, Nathan Douglas Stowers | E-FILED<br>1/23/2025 10:28 AM<br>Superior Court of California<br>County of Fresno<br>By: Shaina Cha, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: FRESNO 93721
BRANCH NAME: B.F.SISK COURTHOUSE

CASE NAME:
STOWERS VS. WALMART, INC., et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited  [ ] Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $35,000)  $35,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>25CECG00404<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):* Two
5.  This case [ ] is  [x] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 22, 2025
Chanel Katiraie, Esq.
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California           **CIVIL CASE COVER SHEET**           Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                            Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** STATE BAR NUMBER:<br>NAME: Daniel Setareh, Esq. [SBN 251448]; Chanel Katiraie, Esq. [SBN 315825]<br>FIRM NAME: SETAREH LAW APLC<br>STREET ADDRESS: 8484 Wilshire Blvd. Suite 870<br>CITY: Beverly Hills          STATE: CA    ZIP CODE: 90211<br>TELEPHONE NO.: 310-659-1826      FAX NO.: 310-507-7909<br>EMAIL ADDRESS: daniel@setarehfirm.com; chanel@setarehfirm.com<br>ATTORNEY FOR (name): Plaintiff, NATHAN DOUGLAS STOWERS | **FOR COURT USE ONLY**<br><br>E-FILED<br>1/23/2025 10:28 AM<br>Superior Court of California<br>County of Fresno<br>By: Shaina Cha, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**
STREET ADDRESS: 1130 O STREET
MAILING ADDRESS: 1130 O STREET
CITY AND ZIP CODE: FRESNO 93721
BRANCH NAME: B.F. SISK COURTHOUSE

PLAINTIFF: NATHAN STOWERS

DEFENDANT: WALMART, INC., et al.

[ X ] DOES 1 TO 100

| | |
|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] **AMENDED (Number):**<br>**Type (check all that apply):**<br>[ ] MOTOR VEHICLE  [ X ] OTHER (specify): Prem. Liab./ Gen. Neg.<br>　　[ ] Property Damage  [ ] Wrongful Death<br>　　[ X ] Personal Injury  [ ] Other Damages (specify): | **CASE NUMBER:**<br><br>25CECG00404 |

**Jurisdiction (check all that apply):**
[ ] ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)
　Amount demanded  [ ] does not exceed $10,000
　　　　　　　　　　[ ] exceeds $10,000
[ X ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
　　[ ] from limited to unlimited
　　[ ] from unlimited to limited

1. **Plaintiff** (name or names): NATHAN DOUGLAS STOWERS

   alleges causes of action against **defendant** (name or names):
   SEE ATTACHMENT 1

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6

3. Each plaintiff named above is a competent adult

   a. [ ] **except** plaintiff (name):

   　　(1) [ ] a corporation qualified to do business in California.
   　　(2) [ ] an unincorporated entity (describe):
   　　(3) [ ] a public entity (describe):
   　　(4) [ ] a minor    [ ] an adult
   　　　　(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
   　　　　(b) [ ] other (specify):

   　　(5) [ ] other (specify):

   b. [ ] **except** plaintiff (name):

   　　(1) [ ] a corporation qualified to do business in California.
   　　(2) [ ] an unincorporated entity (describe):
   　　(3) [ ] a public entity (describe):
   　　(4) [ ] a minor    [ ] an adult
   　　　　(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
   　　　　(b) [ ] other (specify):

   　　(5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2024] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courts.ca.gov |

| SHORT TITLE:<br>    STOWERS v. WALMART, INC. | CASE NUMBER: |
| --- | --- |

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):* WALMART, INC.
   - (1) ☐ a business organization, form unknown.
   - (2) ☒ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*
   - (4) ☐ a public entity *(describe):*
   - (5) ☐ other *(specify):*

   c. ☒ **except** defendant *(name):* PEPSI COMPANY
   - (1) ☒ a business organization, form unknown.
   - (2) ☐ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*
   - (4) ☐ a public entity *(describe):*
   - (5) ☐ other *(specify):*

   b. ☒ **except** defendant *(name):* KEURIG DR. PEPPER
   - (1) ☐ a business organization, form unknown.
   - (2) ☒ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*
   - (4) ☐ a public entity *(describe):*
   - (5) ☐ other *(specify):*

   d. ☒ **except** defendant *(name):* NORTH AMERICAN BEVER
   - (1) ☒ a business organization, form unknown.
   - (2) ☐ a corporation.
   - (3) ☐ an unincorporated entity *(describe):*
   - (4) ☐ a public entity *(describe):*
   - (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.
6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1-100    were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1-100    are persons whose capacities are unknown to plaintiff.
7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| STOWERS v. WALMART, INC. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☐ Intentional Tort

d. ☐ Products Liability

e. ☒ Premises Liability

f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*

a. ☒ wage loss.

b. ☐ loss of use of property.

c. ☒ hospital and medical expenses.

d. ☒ general damage.

e. ☐ property damage.

f. ☒ loss of earning capacity.

g. ☒ other damage *(specify):*
Personal Injury, pain, suffering, emotional distress, inconvenience, physical impairment, Prejudgment interest and other non-pecuniary damages.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.

b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages.

(2) ☐ punitive damages.

b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

(1) ☒ according to proof.

(2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
3,5,6,8,10,11

Date: January 23, 2025

Chanel Katiraie, Esq.

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001(4)

| SHORT TITLE:<br>STOWERS v. WALMART, INC., et al. | CASE NUMBER: |
|---|---|

First _____    **CAUSE OF ACTION—Premises Liability**    Page ____4____
(number)

ATTACHMENT TO [ **x** ] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* NATHAN STOWERS _____

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* February 13, 2023                    plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
On February 13, 2023, Plaintiff was a patron at Walmart, located at 1804 E Ashlan Ave., Fresno, CA 93725. At that time, Plaintiff was attempting to retrieve a soda from the shelves inside the store, when the shelf collapsed onto Plaintiff, jammed his finger and subsequently the entire shelf of 2 liter sodas crashed down on him. Defendants negligently and carelessly owned, developed, operated, managed, designed, inspected, serviced, repaired and maintained the premises so as to prevent, remediate or to warn other guests on the premises.

Prem.L-2. [ **X** ] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):*
WALMART, INC; KEURIG DR. PEPPER/THE AMERICAN BOTTLING COMPANY/SPLASH TRANSPORT; PEPSI COMPANY; PAULINA DOE; NORTH AMERICAN BEVERAGES (NAB); and

[ **X** ] Does 1 _____ to 100 _____

Prem.L-3. [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*

[ ] Does _____ to _____

Plaintiff, a recreational user, was    [ ] an invited guest    [ ] a paying guest.

Prem.L-4. [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were (names):

[ ] Does _____ to _____
a. [ ] The defendant public entity had    [ ] actual    [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [ **X** ] **Allegations about Other Defendants** The defendants who were the agents and employees of the other
defendants and acted within the scope of the agency were *(names):*

[ **X** ] Does 1 _____ to 100 _____

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b    [ ] as follows *(names):*

Page 1 of 1

PLD-PI-001(2)

| SHORT TITLE:<br>STOWERS v. WALMART, INC., et al. | CASE NUMBER: |
|---|---|

| Second | CAUSE OF ACTION—General Negligence | Page | 5 |
|---|---|---|---|
| (number) | | | |

ATTACHMENT TO    [ x ] Complaint       [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  NATHAN STOWERS

   alleges that defendant *(name)*:  WALMART, INC., KEURIG DR. PEPPER/THE AMERICAN BOTTLING COMPANY/SPLASH
                 TRANSPORT; PEPSI COMPANY; PAULINA DOE; NORTH AMERICAN BEVERAGES (NAB)

       [ x ] Does    1_____ . to  100_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff

on *(date)*: FEBRUARY 13, 2023

at *(place)*: WALMART 1804 E ASHLAN AVE., FRESNO, CA 93725

*(description of reasons for liability):*
On February 13, 2023, Plaintiff was a patron at Walmart 1804 E Ashlan Ave., Fresno, California 93725. Plaintiff was
attempting to retrieve a soda form the shelves inside the store, when the shelf collapsed onto Plaintiff, jammed his finger and
the entire shelf of 2 liter sodas crashed down on him. Defendants negligently and carelessly, owned, developed, operated,
managed, designed, inspected, serviced, repaired and maintained the premises so as to prevent, remediate, or to warn other
guests on the premises.

Plaintiff alleges that Defendants negligently, carelessly, recklessly, and unlawfully owned, developed, operated, managed,
designed, inspected, services, repaired and maintained the premises so as to prevent, remediate or to otherwise correct a
dangerous condition on the premises making the premises unsafe for Plaintiff and for other patrons on the premises. These
failures, acts and omissions were inherently dangerous and created a peculiar risk, nuisance and trap. Sufficient time passed
from the moment the dangerous conditions were created such that the Defendants knew or should have known a dangerous
condition was created and such that it had sufficient time to have remedied or warn against the dangerous condition. The
collapse of the shelf was foreseeable to Defendants and DOES 1 through 100, inclusive, and yet, they failed to warn guests.

As a result of such negligence, Plaintiff was injured in his health, strength, activity, and everyday well being. Plaintiff
sustained injuries to his mind, and body, shock and injury to his nervous system and great physical, mental and nervous pain
and suffering, and of which said injuries have caused and continue to cause Plaintiff to suffer damages including, but not
limited to, loss of quality of life, in an amount to be determined according to proof at trial.

Page 1 of 1

## ATTACHMENT 1 TO COMPLAINT

## NATHAN STOWERS V. WALMART, INC., ET AL

**1.** Plaintiff NATHAN DOUGLAS STOWERS alleges cause of action against **defendant** (*Name or names*):

WALMART, INC.; KEURIG DR PEPPER/THE AMERICAN BOTTLING COMPANY/SPLASH TRANSPORT; PEPSI COMPANY; PAULINA DOE; NORTH AMERICAN BEVERAGES (NAB);

# Alternative Dispute Resolution Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court. Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

## *Civil Standing Order Regarding ADR:*

*In 2006, a Case Management Conference (CMC) Standing Order 07-0628, was implemented requiring parties in general civil cases filed in Fresno County Superior Court to participate in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresno.courts.ca.gov under the "Forms," section. Please note, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include but are not limited to:

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often

SHP-36 R07-15

help parties resolve disputes without having to go to court or trial.  Below is a description of commonly used processes:

## Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute will be resolved, the parties do. It is a cooperative process guided by the mediator to create an agreement that addresses each person's interests. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary and confidential process while working towards a resolution. The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.

## Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration is generally quicker, less expensive and less formal than a lawsuit. An arbitrator can often hear a case in a matter of hours rather than days in a trial. This is because the evidence can be submitted by documents rather than by testimony.

1.  Binding Arbitration: Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2.  Non-Binding Arbitration: May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## Case Evaluation

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or procedural questions to be worked out.  This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR are normally put into writing and can become binding contracts that are enforceable in court. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include Conciliation, Settlement Conference, Fact Finding, Mini-Trial, Victim Offender Conferencing, and Summary Jury Trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### *Advantages*

- **Often quicker** than going to trial, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive,** saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment,** allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR is even used to resolve disputes after trial, when the result is appealed.

### *Disadvantages*

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
  - Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision.  Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, many programs and the Court have established qualification requirements and standards of conduct for their neutral panels.

# _Mediation Services Offered by Fresno County Superior Court_

## _Mediation Practitioner Panel:_

Fresno County Superior Court, Alternative Dispute Resolution (ADR) Department maintains a fee-for-service Mediation Panel as a public service for court litigants and the community.  Those listed have met the Court's eligibility requirements and have agreed to abide by the Court's professional standards of conduct in order to participate as a panel member. The panel list can be found on the Court's website under the Alternative Dispute Resolution link,
www.fresno.courts.ca.gov/alternative_dispute_resolution/Mediator

## Free / Low Cost ADR Service Options

For cases involving self-represented litigants or those unable to afford a private mediator, the court contracts with the following organization to provide free or low cost mediation services through Dispute Resolution Program Act (DRPA) funding.

- **Better Business Bureau Mediation Center**- _This organization provides mediation for family law property disputes, small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to www.bbbmediation.org._

  _4201 W. Shaw Ave., Ste. 107_
  _Fresno, CA 93722_
  _559.256.6300 (phone)_
  _800.675.8118, ext. 300 (toll free)_

For more information, go to www.fresno.courts.ca.gov/alternative_dispute_resolution or contact:

Mari Henson, Administrator
1130 "O" Street, Fresno, CA. 93724
TEL (559) 457-1908, FAX (559) 457-1691
mhenson@fresno.courts.ca.gov

John Montejano, Asst. Administrator
1130 "O" Street, Fresno. CA. 93724
TEL (559) 457-1909, FAX (559) 457-1691
jmontejano@fresno.courts.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                     FAX NO:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation      ☐ Arbitration      ☐ Neutral Case Evaluation      ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:   ( ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| Date | Type or Print Name | Signature of Party or Attorney for Party |
|---|---|---|
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01 R11-11 mandatory        STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

FOR COURT USE ONLY

CASE TITLE:

**STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR) ATTACHMENT**

CASE NUMBER:

| Date | Type or Print Name | Signature of Party or Attorney for Party |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:            FAX NO: <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto  ☐ Personal Injury – Property Damage  ☐ Contract  ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000  ☐ $25,000 to $50,000  ☐ $50,000 to $100,000  ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes  (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No  Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No  Reason for delay: _____
       Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation  ☐ Arbitration  ☐ Neutral Case Evaluation  ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process  ☐ Indirect Result of ADR Process  ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0  ☐ $250  ☐ $500  ☐ $750  ☐ $1,000  ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0  ☐ $250  ☐ $500  ☐ $750  ☐ $1,000  ☐ More than $1,000 (specify) _____

TADR-03 R11-011 mandatory     **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)**     Page 1 of

**Case Number:** _____

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

# EXHIBIT B

B1778-6448  05/24/2023  2:05 PM Received by California Secretary of State

BA20230847921

## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

## -FILED-

File No.: BA20230847921

Date Filed: 5/24/2023

**Entity Details**

| | |
|---|---|
| Corporation Name | WALMART INC. |
| Entity No. | 1634374 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
|---|---|
| Principal Address | 702 SW 8TH STREET BENTONVILLE, AR 72716 |

**Mailing Address of Corporation**

| | |
|---|---|
| Mailing Address | 702 SW 8TH STREET BENTONVILLE, AR 72716 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
|---|---|
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| C. Douglas McMillon | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Chief Executive Officer |
| Rachel Brand | 702 SW 8TH STREET Bentonville, AR 72716 | Secretary |
| John David Rainey | 702 SW 8TH STREET Bentonville, AR 72716 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| C. Douglas McMillon | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Director |
| John David Rainey | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | EVP |
| Rachel Brand | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | EVP |
| Emma Waddell | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President |
| Gordon Y. Allison | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President  & Assistant Secretary |
| Jessica Rancher | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Vice President | |
| Matthew Allen | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Vice President & Assistant Treasurer |
| Sarah Little | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Assistant Secretary | |
| Geoffrey Edwards | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Assistant Secretary | |

B1778-6449  05/24/2023  2:05 PM Received by California Secretary of State

| ■ Michael Cook | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President & Assistant Treasurer |
|---|---|---|---|

**Agent for Service of Process**

California Registered Corporate Agent (1505)

C T CORPORATION SYSTEM
Registered Corporate 1505 Agent

**Type of Business**

Type of Business

Retail Sales

**Email Notifications**

Opt-in Email Notifications

Yes, I opt-in to receive entity notifications via email.

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Kelly Lettmann*

Signature

*05/24/2023*

Date

# EXHIBIT C

**Details**

---

**For service of process contact the Secretary of State's office.**

LLC Member information is now confidential per Act 865 of 2007

**For access to our corporations bulk data download service click here.**

Corporation Name
WALMART INC.

Fictitious Names
BUD'S DISCOUNT CITY
BUD'S WAREHOUSE OUTLET
BUD'S WAREHOUSE OUTLET
FORT SMITH REMARKETING
SAM'S CLUB
SAM'S WHOLESALE CLUB
WAL-MART
WAL-MART AVIATION
WAL-MART EXPRESS
WAL-MART NEIGHBORHOOD MARKET
WAL-MART NEIGHBORHOOD MARKET
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER #1147
WAL-MART SUPERCENTER #8
WAL-MART VACATIONS
WALTON LIFE FITNESS CENTER

Filing #
100067582

Filing Type
Foreign For Profit Corporation

Filed Under Act
For Bus Corp; 958 of 1987

Status
Good Standing

Principal Address
—

Reg. Agent
C T CORPORATION SYSTEM

Agent Address
124 WEST CAPITOL AVENUE, SUITE 1900 LITTLE ROCK, AR 72201

Date Filed
03/31/1970

Officers
SEE FILE, Incorporator/Organizer
JESSICA . RANCHER, Vice-President
RACHEL . BRAND, Secretary
C DOUGLAS MCMILLON, President

Foreign Name
—

Foreign Address
702 SW 8TH STREET BENTONVILLE, AR 72716

State of Origin
DE
Purchase a Certificate of Good Standing for this Entity
Pay Franchise Tax for this corporation

# EXHIBIT D

E-FILED
3/26/2025 12:13 PM
Superior Court of California
County of Fresno
By: Estela Gonzalez, Deputy

David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. (SBN 341732)
ptorres@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:    (949) 942-8500
Facsimile:    (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF FRESNO

| | |
|---|---|
| NATHAN DOUGLAS STOWERS, | Case No.  25CECG00404 |
| Plaintiff, | **Assigned For All Purposes To:** Hon. Jon M. Skiles Dept. 403 |
| vs. | |
| WALMART, INC.; KEURIG DR PEPPER/THE AMERICAN BOTTLING COMPANY/SPLASH TRANSPORT, PEPSI COMPANY; PAULINA DOE; NORTH AMERICAN BEVERAGES (NAB) AND DOES 1 THROUGH 100, inclusive, | **DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | Complaint Filed:    01/23/2025 Trial Date:          None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant WALMART, INC. ("Defendant"), by and through its attorneys, answers Plaintiff NATHAN DOUGLAS STOWERS's Complaint ("Complaint") in this action as follows:

## GENERAL DENIAL

Defendant denies both generally and specifically each and every allegation in said unverified complaint and the whole thereof, including a denial that Plaintiff has been or will be injured or damaged whether in the manner alleged, or in any other manner or sum, or at all, as

1

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

permitted by California Code of Civil Procedure § 431.30(d). In further response to Plaintiff's Complaint, Defendant denies that Plaintiff has sustained any injury, damage, or loss, by reason of any act or omission of Defendant or its agents or employees.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute any cause of action against this answering defendant, or at all.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

2.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that plaintiffs were and are duty bound to use reasonable diligence in caring for their injuries, if any, and to use reasonable means to prevent aggravation, accomplish healing and to mitigate the amount of damages, if any, as a result of the personal injuries allegedly sustained, and that defendant's liability, if any, must be limited to the amount of damage that would have been sustained if the plaintiffs had exercised the diligence required to mitigate the damages sought by said Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

3.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that the plaintiffs were careless and negligent in and about the matters alleged in the Complaint, and that such carelessness and negligence on the part of plaintiffs proximately contributed to the happenings of the incident and to the injuries, loss, and damages complained of, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

4.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that at the time of the injuries alleged in the Complaint, plaintiff was negligent

2

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

in and about the matters referred to in the Complaint, and that such negligence on the part of said plaintiff proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by plaintiffs, if any there were any, and that defendant is not liable for said proportionate share of non-economic damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations and Laches)

5.      Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that plaintiffs' claims are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 312, 335, 338, 340, 340.2, 340.8, 343 and/or 366.1, or by the doctrine of laches, or both. Plaintiffs' claims are further barred by the statutes of limitation other than those existing under the laws of the State of California, pursuant to California Code of Civil Procedure section 361.

## SIXTH AFFIRMATIVE DEFENSE

### (Several Liability)

6.      Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that the provisions of California Civil Code section 1431.2 are applicable to the Complaint and to each cause of action therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

7.      Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that plaintiffs' illnesses and injuries, if any, were caused solely by the fault of third parties for which defendant is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Proportionate Fault)

8.      Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this defendant were negligent in and about the matters referred to in the Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or

3

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

damage, including non-economic damages, complained of by plaintiffs, if any there were; and that this answering defendant shall not be liable for such parties' proportionate share of non-economic damages.

## NINTH AFFIRMATIVE DEFENSE

### (Indemnification and Contribution)

9.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that each of the parties to this action other than defendant, and others whose identities are currently unknown to defendant, were negligent or legally responsible or otherwise at fault for the injuries and damages alleged in plaintiffs' Complaint and each cause of action alleged therein. Therefore, defendant requests that in the event plaintiffs recover against it, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties. Defendant further requests a judgment and declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that as a result of the acts, conduct and/or omissions of plaintiffs and their agents, or any of them, each cause of action presented in the Complaint is barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

11.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that as a result of the acts, conduct and/or omissions of plaintiffs and their agents, or any of them, each cause of action presented in the Complaint has been waived.

## TWELFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

12.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that plaintiffs voluntarily and knowingly assumed all of the risks of injury

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

and/or damages resulting from the matters set forth in the Complaint and said assumption of risk was a proximate and/or legal cause of the injuries and/or damages sustained by plaintiffs, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening and/or Superseding Event)

13.     Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that plaintiffs' injuries and damages, if any, were proximately caused by an unforeseeable, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct, of defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Care and Diligence)

14.     Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that it exercised due care and diligence in all of the matters alleged in the Complaint, and that no conduct by or attributable to defendant was the cause in fact or the proximate cause of the damages, if any, suffered by plaintiffs, nor a substantial factor in bringing about said damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

15.     Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that the Complaint, and each cause of action alleged therein, is barred on the grounds that plaintiffs failed to join indispensable parties, and the Complaint is thereby defective.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Right to Add Additional Defenses)

16.     Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that plaintiffs' Complaint fails to set forth its claims with sufficient particularity to permit defendant to raise all appropriate defenses, and therefore, defendant reserves the right to add additional defenses as the factual basis for plaintiffs' claims becomes known.

///

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preexisting Condition)

17.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that the injuries complained of, and the damages sought by plaintiff were caused or aggravated by plaintiffs preexisting medical condition.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Privity)

18.    Further answering the Complaint, and as a separate affirmative defense thereto, defendant alleges that there is no privity between plaintiffs and defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Open and Obvious)

19. Defendant contends that plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for plaintiff's own safety in order to avoid the alleged incident. The resulting injuries and damages, if any, sustained by plaintiff were proximately caused and contributed to by the negligence of plaintiff, in that any possible danger with regard to the accident was open and obvious to anyone using reasonable care.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unavoidable Accident)

20. Defendant contends that the events, injuries, losses, and damages, if any, complained of were the result of an unavoidable accident insofar as answering Defendant is concerned and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of answering Defendant.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (Fair Responsibility Act of 1986)

21. The provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51) Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432 are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence of fault of persons or entities other than answering

6

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant.

## TWENTY SECOND AFFIRMATIVE DEFENSE

### (No Actual Notice)

22. Defendant contends that plaintiff's cause of action for premises liability is barred because Defendant did not have actual notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

## TWENTY THIRD AFFIRMATIVE DEFENSE

### (No Constructive Notice)

23. Defendant contends that plaintiff's cause of action for premises liability is barred because Defendant did not have constructive notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.    For attorneys' fees and costs of suit incurred in defense of this action; and

4.    For such other, further relief, as this Court may deem just and proper.

DATED:    March 26, 2025          By: **O'HAGAN MEYER**

David Davidson, Esq.
Pilar Torres, Esq.
Attorneys for Defendant,
WALMART, INC.

7

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **March 26, 2025**, I served the within document(s) described as: **DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the parties in said action as follows:

### SEE SERVICE LIST

☐    **BY MAIL** (CCP § 1013) - I caused the documents described above to be deposited for processing in the mailroom in our offices.  I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐    **BY FAX:** (CCP § 1013 (e); CRC 2.306 (a) (b)) – I caused such document(s) to be electronically transmitted by facsimile to the respective fax number(s) of the party(ies) as stated on the attached Service List.

☒    **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com.  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 26, 2025,** at Los Angeles, California.

_____
*Amber Gurzenski*

1

PROOF OF SERVICE

**SERVICE LIST**
*Stowers, Nathan Douglas v. Walmart, Inc., et al.*
Fresno Superior Court Case No. 250ECG00404
O'Hagan Meyer File No.: 2967-44508

Daniel Setareh, Esq.                         Attorneys for Plaintiff
Chanel Katiraie, Esq.                        Nathan Douglas Stowers
**Setareh Law APLC**
8484 Wilshire Blvd. Suite 870
Beverly Hills, CA 90211
Tel: 310-659-1826
Fax: 310-507-7909
daniel@setarehfirm.com
chanel@setarehfirm.com

2
PROOF OF SERVICE

# EXHIBIT E



8484 Wilshire Boulevard, Ste. 870
Beverly Hills, California 90211

Telephone:   310.659.1826
Facsimile:   310.507.7909
Email:  demands@setarehfirm.com

March 7, 2024

**SENT VIA EMAIL: cristina.almarez@walmart.com**
Cristina Cruz
Claims Management Inc.
P.O. Box 14731
Lexington, KY 40512

|       |                   |                   |
|-------|-------------------|-------------------|
| Re:   | Our Client:       | Nathan Stowers    |
|       | Your Insured:     | Walmart Supercenter |
|       | Date of Accident: | February 13, 2023 |
|       | Claim No.:        | 10381708          |

Dear Ms. Cruz:

As you are aware, our office has been retained by Nathan Stowers with regard to his claim for personal injuries arising out of an incident caused by Walmart Supercenter ("Your Insured by definition"), on February 13, 2023.

Please accept this letter as a formal demand for general and special damages for personal injuries suffered by my client. My client's settlement demand is based upon the facts stated below:

### *CAUSE OF INJURY/FACTS:*

Mr. Stower's was shopping at the Walmart Supercenter he frequents often at the time of the accident. He was interested in purchasing sodas located on the top shelf of a soda aisle and reached to grab the sodas. The shelf collapsed and jammed Mr. Stower's fingers. 2-liter sodas began to topple over aggressively on Mr. Stower and his dog causing injury to both of them.



_**LIABILITY**_**:**

It is our position that liability is clear and that the only issue to be negotiated in this case is the value of the bodily injury claim. As a guest to Walmart Supercenter, Mr. Stowers was owed a heightened duty by Walmart Supercenter and its staff to ensure that the premises were reasonably clear of dangerous conditions. We assert that Walmart Supercenter and its staff breached that duty by failing to exercise due care and caution in maintaining the premises. The result of the breach was the direct and proximate cause of our client's injuries, which has led to extensive injury pain, suffering, and mental anguish**.**

The Law of general negligence applies in this case. **California Civil Code §1714 (a)** states clearly the following:

> "(a) Everyone is responsible, not only for the result of his or her willful acts, but for an injury occasioned to another by his or her want of ordinary care or skill in the management of his/her property or person, except as far as the latter has, willfully or by want ordinary care, brought the injury upon himself or herself."

An invitee is a person who is invited to enter or remain on the premises for a commercial benefit to the possessor of the premises, or for a purpose directly or indirectly connected with business dealings with the possessor. An invitation may be either expressed or implied. A premises owner owes the highest duty of care to an invitee.

Typically, a possessor has a duty to use ordinary care to warn or otherwise protect an invitee from risks of harm from a condition on the possessor's premises if:

> * The risk of harm is unreasonable, _and_
> * The possessor knows or in the exercise of ordinary care should know of the condition, and should realize that it involves an unreasonable risk of harm to an invitee.

In this case, your insured was negligent in its duties to your customers and/or business invitees in creating and failing to fix a dangerous condition, i.e, a long stream of a clear liquid.

A business is liable to a business invitee for injuries caused by dangerous conditions present in its business premises. The owner has a duty to exercise ordinary care in the management to avoid exposing the persons to unreasonable risk of harm. _Brooks v. Eugene Burger Management Companies_ (1989) 215 Cal.App.3d 1611, 1619. The failure to fulfill the duty is negligence. _Sprecher v. Adamson Companies_ (1981) 30 Cal.3d 358, 471-472.  It is well established in California that although a business owner is not an insurer of the safety of its patrons; the owner does owe them a duty to exercise reasonable care in keeping the premises safe. _Richard M. Oretega v. Kmart Corporations_ (2001) 26 Cal.4th 1200.

Your insured have failed in its duties to maintain the premises in a reasonable and safe condition. If a dangerous condition is created by the owner`s negligence, or by his or her employees acting within the scope of employment, then the owner may be presumed to know that the condition exists." _Hatfield v. Levy Bros_. (1941) 18 Cal.2d. 798, 806.

It is the rule in California that the keeper of a public place of business is bound to keep the premises and the passageways to and from it in safe condition, and there must be ordinary care to avoid accidents or injury to those properly entering upon the premises on business." *Brown v. Holzwasser*, 108 Cal. App. 483 [291 Pac. 661].

*EVIDENCE:*

- Report and Billing Kaiser Permanente Fresno Medical Center
- Report and Billing Accident recovery Center
- Report and Billing Central California Pain Management
- Report and Billing Precise Imaging
- Report and Billing Saint Agnes Medical Center
- Report and Billing CEP America California
- Report and Billing National Brain Injury Institute
- Report and Billing Neurosurgical Associates Medical Group, Inc.

*INJURIES/TREATMENT:*

Mr. Stowers is a 58-year-old male. He has a service dog that assists him with his eyesight and seizures. This unfortunate accident affected Mr. Stowers's dog significantly, and Mr. Stowers describes his dog as being different since the accident. Mr. Stowers's medical visits, recommendations, and treatment history are summarized below.

**KAISER PERMANENTE**

Mr. Stowers visited the Emergency room on February 15, 2023, complaining of pain in his left hand that radiated down into his left Ankle. He also complained of existing abdominal pain and pain in his head that he was concerned with after the accident at Walmart. Mr. Stowers was held for observation due to findings regarding his bladder.

X-rays of the left hand, chest, and Left foot and Ankle were conducted to assess for fractures and immediate life-threatening injuries. Please note that X-rays are limited when detecting soft tissue injuries.

Mr. Stowers's pain progressed through his visit. He complained of blurred vision, generalized weakness, and bilateral leg numbness. He was discharged on February 18, 2023, and recommended to follow up with a primary care physician.

**ACCIDENT RECOVERY CENTER**

Mr. Stowers continued to monitor the progression of his pain. He decided to visit the offices of the Accident Recovery Center for further medical professional care. He received an evaluation by a physician on February 27, 2023. He complained of pain along his left shoulder, hand, knee, ankle, and hip. The physician noted limitations in his flexion and extension capabilities and prescribed a chiropractic regimen to improve Mr. Stowers's range of motion while decreasing his pain. These injuries interfered with Mr. Stowers's ability to perform everyday activities. Mr. Stowers attended these visits until August 15, 2023, and experienced some relief from his pain symptoms. The physician monitored Mr. Stowers's recovery and provided further referrals to address his injuries.

**CENTRAL CALIFORNIA PAIN MANAGEMENT**
Mr. Stowers visited the offices of Central California Pain Management to continue monitoring the progression of his pain. His visits are summarized below:

- **3/28/2023** – Initial consultation; Diagnosed with Cervical Radiculopathy, Left shoulder pain, and lumbar radiculopathy. Cervical, Left Shoulder, and Lumbar MRIs were requested to help evaluate Mr. Stowers's injuries. The physician considered a cervical collar, shoulder sling, and back support to help alleviate Mr. Stowers's injuries.

- **5/11/2023** – Follow up; review of MRIs; **Bilateral Medial Branch Block** recommended at **C5-C7**, **Platelet Rich Plasma Injection** recommended for the left shoulder, **Bilateral Medial Branch block recommended at L3-L5**.

- **6/1/2023** – **Platelet Rich Plasma Injection administered.**
- **7/27/2023** – **Bilateral Lumbar Medial Branch Block administered on L3, L4 and L5.**
- **8/15/2023 –** Follow up; **Bilateral L3-L5 Medial Branch Block** recommended.
- **9/29/2023** – **Second Bilateral Lumbar L3, L4, and L5 Medial Branch Block administered.**

**PRECISE IMAGING**
Mr. Stowers completed his MRIs on April 12, 2023, and June 19, 2023, at Precise Imaging. The most significant findings are summarized below.

**MRI of the Cervical Spine**
- Loss of intervertebral disc height and disc desiccation changes seen at the C4-C7 levels with straightening of the normal cervical spine lordosis. Possibly due to muscle spasm.
- **C3-C4**: **2.6mm broad-based disc protrusion** seen with **mild bilateral neural foraminal stenosis**.
- **C4-C5**: **3.1mm broad based disc protrusion** seen with **mild bilateral neural foraminal stenosis**.
- **C5-C6**: **Central/Left paracentral focal 3.8mm disc protrusion** seen to the **left lateral recess** and **left neural foramina**. **Left paracentral annular tear**. **Mild left greater than right lateral spinal** and **neural foraminal stenosis**.
- **C6-C7**: Left greater than right **broad-based 2.4mm disc protrusion** seen **impressing upon the anterior portion of the thecal sac** with **mild bilateral neural foraminal stenosis**.

**MRI of the Lumbar Spine**
- **Loss of intervertebral disc height** and disc desiccation changes are seen at the L2 through the S1 levels with preservation of the normal lumbar spine lordosis.
- **L3-L4**: **2.8mm broad based disc protrusion** seen **impressing upon the anterior portion of the thecal sac** with **mild bilateral neural foraminal stenosis**.
- **L4-L5**: **3.6mm broad based disc protrusion** seen **impressing upon the anterior portion of the thecal sac with mild bilateral neural foraminal stenosis**.

- **L5-S1**: **4.2mm focal central disc protrusion** seen **impressing upon the anterior portion of the thecal sac with mild bilateral lateral spinal** and **neural foraminal stenosis**.

## MRI of the Left Shoulder

- The acromion is Type II-III with mild to moderate proliferative changes seen in the acromioclavicular joint with impingement of the supraspinatus muscle/tendon junction with tendinosis changes seen.
- Of incidental note, there are extensive lymph nodes seen at the axillary area ranging in size from 1-2.5cm. **Clinical correlation is recommended**.
- Subtle focal area of bone marrow edema seen at the inner portion of the humeral head measuring **0.8cm representing subcortical bony bruise**.

## NATIONAL BRAIN INJURY INSTITUTE

Mr. Stowers was referred over to the National Brain Injury Institute to receive a neurological evaluation after repeatedly being hit with the 2-liter soda bottles. This was of greater concern because of his prior post right lens surgery. He received an evaluation on July 6, 2023. The physician provided Mr. Stowers with the following diagnoses:

DIAGNOSES:
- Post-Traumatic Headaches
- Occipital Neuralgia
- Traumatic Brain Injury
- Traumatic Brain Injury with Mild Cognitive Impairment
- Postconcussional Syndrome
- Attention And Concentration Deficit
- Speech Abnormalities/Cognitive Communication Deficit
- Other Signs/Symptoms of Cognitive Function/Awareness
- Executive Functioning/Frontal Lobe Deficit
- Moderately Severe Depression
- Anxiety Disorder
- Irritability/Anger
- Restlessness/Agitation
- Emotional Lability
- Anhedonia
- Sleep Disorder
- Fatigue
- Post-Traumatic Vertigo and Balance Disorder
- Cervical Radiculopathy
- Lumbar Radiculopathy
- Visual Disturbances
- Photophobia
- Post-Traumatic Tinnitus
- Hyperacusis
- Hearing Abnormality
- Convergence Insufficiency

- ➢ Tremors
- ➢ Post-Traumatic Stress Disorder
- ➢ Syncope
- ➢ Nausea
- ➢ Dysnomia/Aphasia

Due to the nature of the accident and Mr. Stowers's prior right lens surgery, the physician prescribed Prophylaxis to help Mr. Stowers's post-traumatic headaches. They also recommended gabapentin, rizatriptan benzoate, a neuromodulation device, 33-point Botox injections, Occipital Nerve Blocks, and possibly an occipital nerve decompression surgery. Mr. Stowers has a history of substance abuse, and the number of medications he was prescribed interfered with his well-being. The physician maintained their recommendations, with a possible nerve stimulation surgery at the follow-up.

## ALIREZA ABDOLLAHI-FARD, M.D.

On August 21, 2023, Mr. Stowers visited the offices of Alireza Abdollahi-Fard, M.D. for a pain management evaluation and to assess the results of his MRI findings. The physician examined Mr. Stowers findings and provided the following recommendations:

- Occipital Nerve blocks
- Cervical Epidural Steroid Injections
- L4-S1 Medial Branch Block

We are enclosing medical records, from our client's treating physicians and facility, depicting our client's injuries and damages. Due to the continuing nature of our client's injuries, other medical expenses may be incurred hereafter.

## *DAMAGES*

- **Past Medical Expenses**

In order to recover for past medical expenses, the plaintiff needs only to prove that the amount of each claimed expense was reasonable, that the services or supplies for which such expenses are claimed were actually given and were reasonably necessary in the diagnosis or treatment of the injury, and that the condition which necessitated the expenses was a proximate result of the injury caused by your insured. Calhoun v. Hildebrandt (1964) 230 Cal.App.2d 70.

| Medical Specials: | |
|---|---|
| Kaiser Permanente | $60,966.15 |
| Accident Recovery Center | $5,510.00 |
| Central California Pain Management | $40,750.00 |
| Precise Imaging | $8,800.00 |
| National Brain Injury Institute | $27,917.00 |
| Neurosurgical Associates Medical Group, Inc. | $1,700.00 |
| **Total:** | **$145,643.15** |

- **<u>Past Pain and Suffering</u>**

In Hillard v. A.H. Robins Co. (1983) 148 Cal.App.3d 374, 413, the court stated the rule in regards to the general damages a Plaintiff is entitled to recover for personal injuries:

> "Plaintiff is entitled to recover for physical pain and for mental suffering from her/his physical injury. These injuries constitute the principle elements of tort personal injury damages. An award failing to compensate an injured Plaintiff where pain and suffering was present is inadequate as a matter of law."

Personal pain and suffering are difficult to quantify into a dollar value, as are the unavoidable burdens, inconveniences, associated anxiety, frustration one suffers when forced into becoming a patient and litigant due to the wanton negligence of Walmart Supercenter and its staff. Our client is no exception. Mr. Stowers's life has been turned upside down by this incident. We believe that if we take this case to trial, our client will undoubtedly recover at least **<u>$1 million</u>** for pain and suffering.

- **<u>Future Medical Bills</u>**

Mr. Stowers can reasonably expect to incur medical expenses in the future related to the injuries she sustained in this accident. He may incur an additional **<u>$250,000.00</u>** in future medical bills, including physiotherapy and pain management treatment, including but not limited to epidural injections or even surgery.

- **<u>Future Pain and Suffering</u>**

To recover for future pain and suffering, my client only must prove that he is reasonably certain to suffer future harm. Based on the reasonable expectation of medical expenses to be incurred in the future, my client will undoubtedly be able to prove so. Therefore, we believe our client will recover at least **<u>$3 million</u>** for future pain and suffering if this case were to go to trial.

### SETTLEMENT DEMAND

We have provided you with sufficient documentation to reasonably evaluate this claim. It is evident that your insured is civilly culpable for my clients' damages, of whatever nature, and that the insurance coverage provided must be used to compensate my clients' losses.

The purpose of this letter is to convey our client's offer to settle her claims against your insured in exchange for payment in the amount of **$1.25 million**. In exchange, our client will provide you with a full and final release of all claims against your insured. We are offering all the information you need to evaluate our clients' claims.

Our offer of settlement will expire at 5:00 p.m. **THIRTY (30) days** from the date of this letter. No reasonable request for more time to review the claim will be rejected. However, any such request must be supported by specifics of why more time is needed and must be done so in writing.

It is our intent to allow you the opportunity to investigate our clients' claims and simply accept or reject this offer. If you believe this settlement offer if unclear or you have concerns or needs not addressed in this offer, please contact us for clarification. We strongly advise you to begin your evaluation without delay.

Thank you for your attention and cooperation with respect to this matter and we look forward to hearing from you.

Very truly yours,
**SETAREH LAW, APLC**

DANIEL SETAREH, ESQ.
DS:hpb
Attachments

## CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **April 2, 2025**, I served the within document(s) described as:

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

on the parties in said action as follows:

☐     **BY ELECTRONIC TRANSMISSION:** The undersigned hereby certifies that on 4/2/2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which sent notification to all counsel of record, who are deemed to have consented to electronic service via the CM/ECF system.

☒     **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **April 2, 2025,** at Los Angeles, California.

*/s/ Amber Gurzenski*
Amber Gurzenski

1
CERTIFICATE OF SERVICE

## SERVICE LIST

*Stowers, Nathan Douglas v. Walmart, Inc., et al.*
O'Hagan Meyer File No.: 2967-44508

| | |
|---|---|
| Daniel Setareh, Esq.<br>Chanel Katiraie, Esq.<br>**Setareh Law APLC**<br>8484 Wilshire Blvd. Suite 870<br>Beverly Hills, CA 90211<br>Tel: 310-659-1826<br>Fax: 310-507-7909<br>daniel@setarehfirm.com<br>chanel@setarehfirm.com | Attorneys for Plaintiff<br>Nathan Douglas Stowers |

**CERTIFICATE OF SERVICE**