**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHAN DOUGLAS STOWERS, | Case No. 1:25-cv-00385 JLT EPG |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND AND TO REMAND |
| v. | (Doc. 6) |
| WALMART, INC., et al., | |
| Defendant. | |

Nathan Stowers alleges that he was injured in a Walmart store when a shelf collapsed on him. (Doc. 1 at 17.)  In addition to several corporate defendants, he sues one hundred fictitious "Doe" defendants, including a person he identifies as "Paulina Doe." (*E.g.*, *id.* at 16–18.)  He does not allege who Paulina Doe is, what role she played, or her citizenship.

Stowers originally filed this case in state court. (*Id.* at 9–18.)  Walmart removed the case to this Court based on the diversity jurisdiction statute, 28 U.S.C. § 1332. (*Id.* at 1–6.)  Stowers now requests (1) permission to amend his complaint to "include additional information about Paulina Doe," (2) an order remanding the case to state court, and (3) an award of the attorneys' fees he incurred in connection with his current motion. (Doc. 6.)  His attorney states in a declaration that Paulina Doe "was the manager at the time of the incident," was "present at the time," and was "responsible for the safety" of the store. (Doc. 6-1 at 3.)  But counsel does not otherwise explain—neither in the declaration nor in the proposed amended complaint—what

Paulina Doe did or did not do, what her last name is, or why he cannot identify her more specifically; Stowers also proposes to allege only on "information and belief" that Paulina Doe is a California citizen. (*See id.* at 2–3, 19–23.)  Walmart opposes the motion. (Doc. 8.)

The person identified as "Paulina Doe" in the state court complaint is a fictitious defendant.  "In determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  This case was properly removed.

When the plaintiff in an action that was removed to federal court under the diversity jurisdiction statute seeks the court's permission to add allegations against a defendant with the same state citizenship, the law gives the court a choice: deny the plaintiff's request and maintain jurisdiction or grant the request and remand the case to state court.  28 U.S.C. § 1447(e).  The language of this statute "is couched in permissive terms," so the decision "is left to the discretion of the district court."  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  The Ninth Circuit has confirmed that district courts are within their discretion to consider the potential prejudice to the moving plaintiff and the equities in general, but it has not otherwise established any particular legal test for district courts to apply.  *See id.*  In the absence of more specific controlling authority, California federal district courts have considered a variety of factors when exercising their discretion, such as whether the claims against the new defendant appear to be valid, whether the new defendant should be joined under the terms of Federal Rule of Civil Procedure 19(a), and whether it appears that the plaintiff's only reason to add the new defendant is to deprive the federal court of jurisdiction.  *See, e.g.*, *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999).

None of these factors favors an amendment in this case.  Stowers's boilerplate allegations about Paulina Doe offer virtually no assurance that she is a real person, let alone that the claims against her are valid, that she ought to be joined under Rule 19(a), or that Stowers would suffer any prejudice if he cannot add her to the case.  Walmart contends, in fact, that no one named "Paulina" has worked as a manager at the store in question. (*See* Doc. 8-2 at 1–2.)  On this

2

record, it is unusually likely that the request for leave to amend is motivated solely by the plaintiff's preference to litigate in state court.  An amendment is not appropriate.  *See Harris v. DG Strategic VII, LLC*, No. 24-01478, 2026 WL 707425, at *3 (E.D. Cal. Mar. 13, 2026) (collecting authority in a similar case).

Because the Court will not permit the proposed amendment as a matter of its discretion under § 1447(e), it is not necessary to decide whether the Court could continue to exercise its jurisdiction if the complaint included the new allegations that Stowers proposes.  (*See* Opp'n at 10–15 (discussing a relevant split in authority).)  The Court does not reach that question.

The motion for leave to amend, to remand, and for attorneys' fees is **DENIED**.

IT IS SO ORDERED.

Dated:    **April 17, 2026**

UNITED STATES DISTRICT JUDGE

3