UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NATHAN DOUGLAS STOWERS,

Plaintiff,

v.

WALMART, INC., et al.,

Defendants.

Case No. 1:25-cv-00385-JLT-EPG

ORDER GRANTING MOTION FOR SUBSTITUTING SUCCESS-IN-INTEREST FOR DECEASED PETITIONER

(ECF No. 20).

On April 2, 2025, this action was removed from the Superior Court of California, County of Fresno. (ECF No. 1). On May 12, 2026, Plaintiff's counsel filed a statement noting Plaintiff had passed away on March 20, 2026. (ECF No. 18). On May 13, 2026, the Court ordered Plaintiff's counsel to file any motion for substitution within 90 days, or the case would be dismissed. (ECF No. 19).

Now before the Court is Plaintiff's Motion for an Order Substituting Successor-In-Interest for Deceased Petitioner filed on June 29, 2026. (ECF No. 20). For the reasons set forth below, the Court shall grant Plaintiff's motion.

\\\

## I. BACKGROUND

On April 2, 2025, this action was removed from the Superior Court of California, County of Fresno. (ECF No. 1). The complaint alleges that February 13, 2023, Plaintiff was shopping at a Walmart location in Fresno, CA. (*Id.* at 1). While shopping, Plaintiff attempted to retrieve soda from shelves inside the store and a shelf collapsed on Plaintiff. (*Id.*). The collapse resulted in Plaintiff jamming his finger and leading to an entire shelf of two-liter bottles of soda falling on him. (*Id.*).

On May 12, 2026, Plaintiff's counsel filed a statement noting the death of Plaintiff on March 20, 2026, pursuant to Federal Rule of Civil Procedure 25(a)(1). (ECF No. 18). On May 13, 2026, the Court ordered Plaintiff's counsel to file any motion seeking a substitution of a party under FRCP 25 within 90 days. (ECF No. 19). Furthermore, the Court vacated the initial scheduling conference which would be reset at a later date, if necessary.

Plaintiff filed the motion seeking to substitute the successor-in-interest, Jasmine Stowers on June 29, 2026. (ECF No. 20.) The motion includes a declaration of Jasmine Stowers and Decedent's death certificate. (*Id.*). Jasmine Stowers is Decedent's wife/widow, his heir, and his successor-in-interest. (*Id.* at 2). for decedent plaintiff. In the declaration, Jasmine Stowers states that there are no other proceedings pending in California the administration of Decedent's estate. (*Id.*). Nor does any other person have a superior right to Jasmine Stowers to commence or continue the present action. (*Id.*).

Defendants have not filed an objection to the motion and the time to do so has passed.

## II. LEGAL STANDARD

Rule 25(a)(1) governs the issue of substitution and provides that: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1). Therefore, in deciding a motion to substitute under Rule 25(a)(1), the Court must consider whether:(1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. If the

requirements of Rule 25(a) (1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who ... would adequately represent [the decedent's] interests." *In re Baycol Prods. Litig*., 616 F.3d 778, 789 (8th Cir. 2010).

## III. ANALYSIS

As an initial matter, the pending motion was timely filed in accordance with Rule 25(a)(1). Decedent died on March 20, 2026, and the request for substitution was filed within 90 days of Nathan Stowers' death.

The Court next determines if the claims are extinguished. Substitution is limited to claims that are not extinguished by death of a party. Rule 25(a)(1) allows substitution of a party only when a plaintiff's "claim is not extinguished" by their death. Fed. R. Civ. P. 25(a)(1). Furthermore, the law of the forum state determines whether a cause of action survives or is extinguished upon the death of the party. *See* 42 U.S.C. § 1988(a); *see also Gutierrez v. Discount Gold Brokers, Inc*., 2020 WL 7247318, at *1 (C.D. Cal. Feb. 25, 2020).

In his complaint filed in state court, Decedent alleged claims of negligence and premises liability. (ECF No. 1 at 15). Claims of negligence and premises liability survive a plaintiff's death. California's survivorship provisions in Sections 377.20–377.22 of the California Code of Civil Procedure ("Civil Code") provide that "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death ..." Cal. Code Civ. P. §§ 377.20–377.22. Additionally, Plaintiff seeks general damages, medical expenses, wage loss and loss of earning capacity, and other damages for personal injury. (ECF No. 1 at 15). No statutory exceptions apply to these claims. As a result, the claims survive the death of Plaintiff.

Finally, the Court determines if decedent's wife/widow, Jasmine Stowers is a proper party under Rule 25(a)(1)(3). This Court has subject matter jurisdiction under 28 U.S.C § 1332 and in cases based on diversity courts look to state law to determine the "proper party" under Rule 25(a)(1). *Fox v. City of Tulare*, 2014 WL 897040, at *6 (E.D. Cal. Mar. 5, 2014) (*citing In re Baycol Products Litig*., 616 F.3d 778, 785 (8th Cir. 2010)). Under the Civil Code of California, a

decedent's personal representative or successor in interest can move to continue a pending action or proceeding on behalf of the decedent. Cal. Code Civ. P. § 377.31. California Civil Code further elaborates that a "decedent's successor in interest" is the "beneficiary of the decedent's estate" or the "successor in interest who succeeds to a cause of action ..." Cal. Code Civ. P. § 377.11. The Civil Code further requires the successor in interest to attest to certain affirmative statements in a declaration and to attach the decedent's death certificate to the filing. Cal. Code Civ. P. §§ 377.32(a)–(c).

Jasmine Stowers has demonstrated that she is a proper party for substitution. In the declaration, she states she is the successor in interest and there is no other person with a superior right to commence or continue this action besides her. (ECF No. 20-1 at 2). Moreover, attached to the motion is decedent's death certificate, which supports this claim. (*Id.* at 4). Thus, the statutory requirements of Cal. Civil Code § 337.32 are satisfied and Jasmine Stowers is a proper party for substitution under Rule 25(a)(1).

## IV. CONCLUSION AND ORDER

Ms. Jasmine Stowers has presented evidence that establishes the requirements of Rule 25(a)(1) are met for Plaintiff's claims for negligence and premises liability.

Accordingly, the Court **HEREBY ORDERS:**

1. The motion to substitute Jasmine Stowers as Plaintiff (ECF No. 20) is GRANTED.
2. Jasmine Stowers shall be substituted for the Plaintiff in this action
3. The Clerk of Court is directed to add Jasmine Stowers as Plaintiff and terminate Nathan Stowers as Plaintiff.
4. The parties are directed to contact Courtroom Deputy Felicia Navarro (FNavarro.@caed.uscourts.gov) no later than ten days after the issuance of this order to set an Initial Scheduling Conference.

IT IS SO ORDERED.

Dated: **July 29, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE